IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



EQUAL EMPLOYMENT )  CIVIL ACTION NO.
OPPORTUNITY COMMISSION, )
 )
    Plaintiff, )
 )  **COMPLAINT**
    v. )
 )
QUIK-CHEK, INC. )  **JURY TRIAL DEMAND**
 )
    Defendant. )
_____)

# 1:05CV00801

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Wanda Smith, who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") contends that Defendant Quik-Chek, Inc. discharged Ms. Smith in retaliation for her complaints about harassment because of her race, black, and because she threatened litigation related to her complaints about racial harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Quik-Chek, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the cities of Ramseur and Franklinville, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Quik-Chek, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Wanda Smith filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about March 11, 2004, Defendant engaged in an unlawful employment practice at its Franklinville, North Carolina store, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Wanda Smith because she opposed employment practices made unlawful by Title VII. Specifically, on several occasions between July 2003 and March 2004, Ms. Smith complained to Defendant that she believed that she was being harassed because of her race, black, while working at Defendant's Ramseur, North Carolina store. Thereafter, around March 5, 2004, Defendant transferred Ms. Smith to its Franklinville, North Carolina

2

store On or about March 7, 2004, Ms Smith sent Defendant a letter in which reiterated her prior complaints about the conduct she reasonably believed to be racial harassment, and complained about the Defendant's response to her prior complaints Ms Smith further indicated in her letter that litigation could ensue as a result of the matters that were the subject of her complaints On March 11, 2004, Defendant discharged Ms Smith in retaliation for her complaints about racial harassment and her threat to file suit based on the perceived racial harassment

8. The effect of the practices complained of in paragraph 7 above has been to deprive Wanda Smith of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to employment practices that she reasonably believed to be unlawful under Title VII and/or Defendant's anticipation of Ms Smith's participation in a proceeding under Title VII related to those employment practices

9. The unlawful employment practices complained of in paragraph 7 above were intentional

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Wanda Smith

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or former employees based on their opposition to unlawful employment practices or employment practices which they reasonably believe to be declared unlawful by any statute

3

enforced by the Commission and/or their participation in any proceeding under any statute enforced by the Commission

B Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose employment practices which the employee reasonably believes to be unlawful under any statute enforced by the Commission and/or who participate in any proceeding under any statute enforced by the Commission

C Order Defendant to make whole Wanda Smith, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of or front pay for Wanda Smith

D Order Defendant to make whole Wanda Smith, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to job search expenses, in amounts to be determined at trial

E Order Defendant to make whole Wanda Smith, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial

F Order Defendant to pay Wanda Smith punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial

4

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 14th day of September, 2005.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Lynette A. Barnes by ZGM
LYNETTE A. BARNES
Acting Regional Attorney, Charlotte District Office
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

ZOE G. MAHOOD
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608
Telephone    (919) 856-4080
Facsimile    (919) 856-4156

5